UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

ALPHONSO JOHNSON TOLBERT, )
)
Petitioner, ) Civil Action No. 14-034-HRW
)
v. )
) **MEMORANDUM OPINION**
MICHAEL SEPANEK, *Warden*, ) **AND ORDER**
)
Respondent.. )

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Alphonso Johnson Tolbert is presently confined by the Bureau of Prisons ("BOP") in the Federal Correctional Institution located in Ashland, Kentucky. Proceeding *pro se*, Tolbert has filed a petition for writ of habeas corpus pursuant to 28 U. S. C. § 2241 [Docket No. 1], and has paid the $5.00 filing fee. [Docket No. 2] Tolbert claims that the BOP has failed to follow its Program Statement 5800.11. The Court must evaluate Tolbert's habeas petition to determine whether "it plainly appears from the petition and any attached exhibits that [he] is not entitled to relief." R. Governing § 2254 Cases 4 (applicable to Section 2241 cases through Rule 1(b)).[1]

---

[1] The Court evaluates Tolbert's habeas petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the proceedings, the Court

## BACKGROUND

On January 7, 2010, Tolbert was charged in a five-count indictment with being a convicted felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and with four counts of distributing and/or possessing with intent to distribute various controlled substances, all in violation of 21 U.S.C. § 841(a)(1). See *United States v. Alphonso Johnson Tolbert*, No. 5:10-CR-6-KKC (E.D. Ky. 2010) [Docket No. 1 therein]. Tolbert initially pled not guilty to these charges, and this matter was scheduled for trial. Subsequently, Tolbert entered into a plea agreement with the United States wherein he agreed to plead guilty to Count 2 of the indictment (charging a violation of 21 U.S.C. § 841(a)(1), Distribution of a Controlled Substance - Heroin), in exchange for the dismissal of the remaining charges against him (Counts 1, 3, 4, and 5). [*Id.*, at Docket No. 38 therein]. The Court accepted Tolbert's guilty plea, and on January 6, 2011, the Court sentenced Tolbert to an 84-month sentence of imprisonment, to be followed by a six-year term of supervised release.[2] On motion of the United States at sentencing, Counts 1, 3, 4, and 5 were dismissed against Tolbert. [*Id.*, at Docket No. 38 therein].

---

accepts his factual allegations as true and liberally construes the legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

[2] Per the Inmate Locator feature on the BOP's website, www.bop.gov, Tolbert's projected release date is September 11, 2015.

Tolbert did not appeal his conviction or sentence.

In his habeas petition, Tolbert claims that the BOP failed to follow its Program Statement 5800.11.[3] However, Tolbert provides no details as to how the BOP did not follow this policy statement, and he does not state how he was impacted or adversely affected thereby. As for relief, Tolbert requests the Court to order the BOP to provide a complete copy of the administrative remedy file to him and to the Court.

## DISCUSSION/ANALYSIS

In a nutshell, Tolbert's habeas petition fails to satisfy the minimum pleading requirements of Federal Rule of Civil Procedure 8, which requires one to provide a short and plain statement of the facts establishing grounds for relief and a demand for the relief sought. Tolbert has failed to make any reasonable effort to articulate a claim for relief by identifying the BOP's conduct that violated Policy Statement 5800.11 or otherwise provided a basis for a cause of action. Additionally, Tolbert failed to provide the Court with a copy of (1) his administrative remedy request filed with the Warden, (2) the Warden's response thereto, (3) his appeal to the

---

[3] Policy Statement 5800.11, a 26-page policy statement, became effective in 1997, and concerns Inmate Central File, Privacy Folder, and Parole Mini-Files.

BOP's Regional Office, (4) the response of the BOP's Regional Office to his appeal, and (5) his appeal to the BOP's Central Office in Washington, D.C.

"More than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Simply labeling the BOP's actions - whatever they might have been - as "negligent" or "wrongful" deprives the BOP of notice of the conduct complained of, a notice to which it is entitled. *16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.*, 2013 WL 4081909 (6th Cir. Aug. 14, 2013) ("Rule 8(a)(2) ... imposes legal *and* factual demands on the authors of complaints.") It is not enough for Tolbert to simply make virtually no factual allegations and simply identify a policy statement number that the BOP allegedly failed to follow, leaving it to the court or the BOP to connect the dots on his behalf. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."). For these reasons, Tolbert's habeas petition will be dismissed without prejudice, for his failure to comply with Fed. R. Civ. P. 8(a).

## CONCLUSION

Accordingly, it is **ORDERED** that:

1. Petitioner Alphonso Johnson Tolbert's habeas petition filed pursuant to 28 U.S.C. § 2241 is **DENIED** and **DISMISSED WITHOUT PREJUDICE**, for failure to comply with Fed. R. Civ. P. 8(a);

2. The Court will enter an appropriate judgment; and

3. This habeas proceeding is **STRICKEN** from the Court's docket.

This 12th day of November, 2014.



Signed By:
*Henry R. Wilholt, Jr.*
**United States District Judge**